IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Thomas Earl Jones, ) | |
| ) | Civil Action No. 6:15-3408-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Wilbert Burial Vault, Inc., ) | |
| Boyd C. Anderson, and ) | |
| Stephen M. Young, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se, filed this action seeking recovery under a profit sharing plan administered by his former employer, Wilson Burial Vault, Inc. Plaintiff has filed a motion for judgment on the pleadings or, in the alternative, to strike defenses (ECF No. 30), and Defendants have filed motions to dismiss (ECF Nos. 20, 35) or in the alternative, a motion to compel Plaintiff to execute a new distribution form. (ECF No. 35). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion for judgment on the pleadings, grant in part Defendants' motions to dismiss, and grant Defendants' alternative motion to compel. (ECF No. 48). The parties were advised of their right to file objections to the Report. (ECF No. 48 at 14). Plaintiff has filed objections. (ECF No. 50).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

1

court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate fudge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

By way of background, Plaintiff filed this suit seeking to recover distributions of a profit sharing plan that he contends he was immediately entitled to upon termination of his employment. (ECF No. 1). In his complaint, Plaintiff claims he is entitled to $22,108.38. (ECF No. 1-1). He seeks injunctive relief as well as compensatory and punitive damages. (ECF No. 1). Defendants answered the complaint and filed a motion to dismiss. (ECF Nos. 20, 23). Defendants do not dispute that Plaintiff is entitled to a sum of money under the profit sharing plan, but they contend that the terms of the plan require that such a distribution be made at the end of the year in which the employee's employment is terminated, which in this instance, was December 31, 2015.

After the plan administrator completed its year-end accounting in April 2016, Defendants determined that Plaintiff is actually entitled to $27,138.71 (less a $90 dollar administrative cost). Defendants sent an updated distribution form reflecting the increased amount of benefits, and Plaintiff has refused to sign it. In his response to the second motion to dismiss, Plaintiff asserts that the updated form is part of an alleged fraudulent scheme of Defendants. (ECF No. 38). Plaintiff claims that he signed the original distribution form and Defendants have not presented

any justification for why he must sign the second form.  (ECF No. 46).  Defendants assert that Plaintiff must sign the form and that he will receive his benefits upon doing so.  (ECF No. 47).

The magistrate judge issued a Report.  (ECF No. 48).  In the Report, the magistrate judge properly explains the inapplicability of the various statutory provisions that Plaintiff cites to support his claims.  The magistrate judge also discusses the need for the updated distribution form.  (ECF No. 48 at 11–13).

In his objections, Plaintiff asserts that the plan administrator is not required to provide notice to former employees.  (ECF No. 50-2).

The court finds that Plaintiff's objections are without merit.  As stated by the magistrate judge, the Treasury Regulations require that a plan administrator meet the consent requirements prior to distributing any portion of the plan.  26 C.F.R. § 1.411(a)-11(c)(1).  Consent is valid only for 90 days.  *Id.* § 1.411(a)-11(c)(2)(iii).  The initial consent form was executed on May 12, 2015, well beyond 90 days from the date of the recalculated figure.  (ECF No. 48 at 12).  For that reason, the court finds that Plaintiff's objections should be overruled.

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition.  Based on the foregoing, the court adopts the Report (ECF No. 48) and incorporates it herein.  It is, therefore, **ORDERED** that Plaintiff's motion for judgment on the pleadings or, in the alternative, to strike defenses (ECF No. 30) is **DENIED;** that Defendants' motions to dismiss (ECF Nos. 20, 35) are **GRANTED in part**; that Defendants' motion to compel Plaintiff to execute a new distribution form (ECF No. 35) is **GRANTED**; and that once the distribution to Plaintiff has been made, Defendants shall be allowed to renew the motion to dismiss Plaintiff's remaining claim for benefits under ERISA § 502(a)(1)(B).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 10, 2016
Anderson, South Carolina

4